IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:09cr134-MHT |
| FANSECO M. ROSE and | ) | (WO) |
| DANE A. RAMSAY | ) | |

## OPINION AND ORDER

This cause is before the court on defendants Fanseco Rose's and Dane Ramsay's oral motion to continue their trial, made on September 1, 2009. For the reasons set forth below, the motion will be granted pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or

> indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Rose and Ramsay in receiving a speedy trial.

The magistrate judge originally set this case for trial on October 13, 2009.  However, he later realized that this date would violate the Speedy Trial Act and informed counsel for both Rose and Ramsay that the trial would be moved up to September 28.  Counsel for both Rose and Ramsay represent that they already have other trials set for the week of September 28 and that they need additional time to prepare for trial.  They further represent that they are in "productive talks" with the government and that allowing them additional time may allow for this case to be settled without a trial.

Counsel for Rose and Ramsay therefore ask that their trial be continued, with the result that it will remain on October 13, albeit no longer in violation of the

3

Speedy Trial Act since appropriate findings will now have been made.

Accordingly, it is ORDERED as follows:

(1) Defendants Dane A. Ramsay's and Fanseco M. Rose's oral motion for a continuance is granted.

(2) The jury selection and trial for defendants Rose and Ramsay will remain set for October 13, 2009, at 10:00 a.m. at the Frank M. Johnson Federal Building and United States Courthouse, One Church Street, Montgomery, AL.

DONE, this the 2nd day of September, 2009.

                                    /s/ Myron H. Thompson
                              UNITED STATES DISTRICT JUDGE