IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:09cr134-MHT |
| FANSECO M. ROSE | ) | (WO) |

## OPINION AND ORDER

This cause is before the court on defendant Fanseco M. Rose's motion to continue made on September 29, 2009. For the reasons set forth below, the motion will be granted pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making

> public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court shall consider, among other factors, whether the failure to grant the continuance would "result in a miscarriage of justice," § 3161(h)(7)(B)(i), or "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." § 3161(h)(7)(B)(iv).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Rose in receiving a speedy

trial.  Rose recently received notice from the government that the substance found in his possession was not the controlled-substance ecstasy, as the government originally alleged.  The government informed Rose that it will seek a superceding indictment against him accounting for this new information.  Furthermore, Rose represents that the government will test the seized evidence for fingerprints, but that this test will likely not be completed by October 13, the current trial date.  Finally, Rose represents that he requires additional time to investigate the facts of this case to properly prepare for trial.  Rose therefore asks that his trial be continued.

    Accordingly, it is ORDERED as follows:

    (1) Defendant Fanseco M. Rose's motion for a continuance (doc. no. 44) is granted.

    (2) The jury selection and trial for defendant Rose are now set for November 30, 2009, at 10:00 a.m. at the

Frank M. Johnson Federal Building and United States Courthouse, One Church Street, Montgomery, Alalbama.

DONE, this the 30th day of September, 2009.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE